COOPER, APPELLANT v. SULLIVAN COUNTY ET AL.

1. The State ex rel. etc. v. The County Court of Sullivan County, 51 Mo. 522, Affirmed.

2. County Subscription to Stock of Railroad Company : RESCISSION OF ORDER OF SUBSCRIPTION : RECITALS. Where a county court makes an order for the subscription of stock to a railroad company, upon condition, that the road shall be built within a specified time; *Held,* that it is in the power of the county court, by a subsequent order, to suspend the delivery of bonds of the county, issued in payment of the subscription, and remaining in the hands of a trustee, when it appears that the road has not been built within the time specified; the recitals in the order, however, like any other declarations made by one party to a contract, do not conclude the other party.

*Appeal from Sullivan Circuit Court.*—Hon. R. A. DeBolt, Judge.

This is a proceeding to enjoin the delivery of certain bonds of Sullivan county, held in escrow by McCullough, one of the defendants, and to be delivered by him to the St. Joseph and Iowa Railroad Company, or its successor, the Burlington and Southwestern Company, upon compliance by the company with the terms of a subscription made by the county court. The order of subscription and the other facts upon which this application is based, will be found fully stated in the case of *the State ex rel. v. Sullivan County Court*, 51 Mo. 522. The question of the forfeiture of the charter of the St. Joseph & Iowa Railroad Company by non-user or otherwise was not made in that case.

*B. R. Vineyard and A. H. Vories* for appellant.

1. If the order of the subscription of May 1, 1871, had any force at all, it was made upon condition that the road should be commenced in six months and finished through the county in twenty-one months, and upon the condition that, if not so commenced and finished, the order making the subscription of stock might be set aside and rescinded by the county court. The railroad company having failed to finish the road in the twenty-one months after it was commenced, the county court had authority, by virtue of the contract between the parties, to annul its obligations to the company, which it did by the order of July 5, 1873. The evidence at the trial of this cause showed that, at the time this order was made, more than twenty-one months had passed, and still the railroad was not finished through the county. So far as the bonds of the county still in the hands of the trustee are concerned, the validity of the action of the county court in its order of July 5th, 1873, cannot be questioned. 2 Parsons on Contracts, 677-8-9 and 680, and notes (6 Ed). Chitty on Contracts 461, 625, 741,

742. *Maloney v. Malcolm*, 31 Mo. 45. Pierce on American R. R. Law p. 75.

*Alex. W. Mullins and Geo. W. Easley* for respondent.

NAPTON, J.—This case originated in the circuit court of Sullivan county, in April, 1872. After the decision of the case of the State on the relation of the *St. Jo. & I. R. R. Co. v. Sullivan county*, by this court at the February term 1873, an amended petition was filed on April 7th, 1873 the object of which was to restrain the receiver, McCullough, from paying over certain bonds alleged to be remaining in his hands, to the Burlington & South Western R. R. Co.

Nearly all the questions presented by the pleadings and the evidence in this case were decided by this court in the THE STATE EX REL. ETC. V. THE COUNTY COURT OF SULLIVAN COUNTY, 51 MO., 522 AFFIRMED. case above referred to (51. Mo. 522) when this court affirmed the action of the circuit court in issuing a mandamus compelling the delivery of these bonds to McCullough. The subscription of May 1st, 1871, on the part of Sullivan county to the St. Jo. & I. R. R. Co., for a branch of said road, which was transferred to the Burlington & South Western R. R. Co. was held to be binding on the county, and it was also necessarily decided that the charter of the St. Jo. & I. R. R. Co. of 1857, had not been forfeited by non-user or otherwise. The fact that a previous subscription had been made by the same county court to the Quincy, Missouri and Pacific R. R. Co., of two hundred thousand dollars, was also considered by this court and the objections based on it disposed of.

The order of the county court in 1873, purporting to rescind the order of May 1st, 1871, was made some months COUNTY SUBSCRIPTION TO STOCK OF RAILROD COMPANY: Rescission of Order of Subscription. after the decision of this court, in the case above referred to. The validity of that order really presents the only question left for our determination. The points determined by this court in February, 1873 are not open to re-examina-

tion, since, on the faith of this adjudication, all parties to the transaction acted. But there can be no doubt of the power of the county court under this contract to declare a forfeiture of it, if the facts upon which the forfeiture was declared justified it. The recital in that order that the road had not been built according to the terms of the contract within the time prescribed, like any other declaration made by one party to a contract, does not conclude the other party. But there was evidence *aliunde* in this case to show that so far as it related to the question of time, the road had not been built within the time specified in the terms of the original subscription, and the county court therefore was justified in suspending the delivery of the bonds still remaining in the hands of the receiver. What effect this delay might have on the rights of the parties would depend on circumstances, of which we have no evidence in this record. There was ground for the interposition of the court, and we shall therefore reverse the judgment and remand the case. The other judges concur.

REVERSED.